```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

LINDELL McMEANS,                   :

    Petitioner,                  :
                                    CIVIL ACTION 09-0096-CG-M
v.                                 :
                                    CRIMINAL ACTION 07-00157-CG-M
UNITED STATES OF AMERICA,          :

    Respondent.                  :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 27-28) and Respondent's Motion to Dismiss (Doc. 33).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Petitioner's Motion to Vacate (Docs. 27-28) be denied, that Respondent's Motion to Dismiss (Doc. 33) be granted, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Lindell McMeans.

McMeans was indicted on May 24, 2007 for knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 1).  On July 16, 2007, Petitioner entered into a plea agreement and was found guilty as charged (Docs. 19-20).  On November 20, 2007, Judge Granade sentenced Petitioner to twenty-four months on

the conviction as well as three years of supervised release following his release from prison, and an assessment of one hundred dollars (Doc. 25).  Petitioner did not appeal his conviction (*see* Doc. 33, p. 2).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on February 25, 2009 in which he raised seven particular claims of ineffective assistance of trial counsel (Docs. 27-28).  Respondent has filed a Motion to Dismiss (Doc. 33) to which Petitioner has Replied (Doc. 35).

Before taking up McMeans' claims, the Court notes that Respondent has answered the Petitioner, arguing that this action should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 33).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2255.  The specific provisions state as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> * * *
>
> A 1-year period of limitation shall apply to

>    a motion under this section.  The limitation
>    period shall run from the latest of--
>
>>    (1) the date on which the judgment of
>>    conviction becomes final;
>>
>>    (2) the date on which the impediment to
>>    making a motion created by governmental
>>    action in violation of the Constitution
>>    or laws of the United States is removed,
>>    if the movant was prevented from making
>>    a motion by such governmental action;
>>
>>    (3) the date on which the right asserted
>>    was initially recognized by the Supreme
>>    Court, if that right has been newly
>>    recognized by the Supreme Court and made
>>    retroactively applicable to cases on
>>    collateral review; or
>>
>>    (4) the date on which the facts
>>    supporting the claim or claims presented
>>    could have been discovered through the
>>    exercise of due diligence.

28 U.S.C. § 2255(f).

As McMeans did not appeal his conviction, it became final on November 30, 2007, ten days after judgment was entered. *Maderos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000)(citing Fed.R.App.P. 4(b)(1)).  Petitioner's Motion to Vacate was filed on February 25, 2009, so it was not filed within the one-year limitations period (Doc. 27).[1]  Clearly, Petitioner's Motion was filed beyond the one-year grace period and filed in violation of 28 U.S.C. § 2255.

McMeans has asserted that he is actually innocent of the

---

[1] Petitioner signed his Motion on February 4, 2009 (Doc. 27, p. 19).  This still falls outside the one-year limitations period.

3

conviction and has invited the Court to consider this in reviewing his Motion (Doc. 28).  The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 327.  In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 329.  A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence (Doc. 28).  There is no offer of new evidence.  The Court finds that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented.[2]  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and

---

[2] The Court has read Petitioner's Memorandum several times and looked at the cited law and, frankly, does not understand his argument.

4

Effective Death Penalty Act of 1996:  this action is time-barred.

Therefore, it is recommended that Petitioner's Motion to Vacate (Docs. 27-28) be denied, that Respondent's Motion to Dismiss (Doc. 33) be granted, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Lindell McMeans.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a <u>de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(<u>en banc</u>).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the

5

    objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    DONE this 23rd day of July, 2009.

    <u>s/BERT W. MILLING, JR.</u>
    UNITED STATES MAGISTRATE JUDGE